## 36UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR )<br>ENVIRONMENTAL RESPONSIBILITY, )<br>962 Wayne Ave, Suite 610 )<br>Silver Spring, MD 20910 )<br> )<br>    *Plaintiff*, )<br> )<br>    v. )<br> )<br>UNITED STATES DEPARTMENT )<br>OF INTERIOR )<br>1849 C Street, N.W. (MS-6556 MIB) )<br>Washington, DC 20240 )<br> )<br>    *Defendant*. )<br>_____ ) | Civil Action No. 18-cv-815<br><br>**COMPLAINT** |

## PRELIMINARY STATEMENT

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff")

   brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et*

   *seq*., as amended, to compel the Office of the Secretary ("OS" or "Defendant") of the

   Department of Interior ("DOI"), to disclose records wrongfully withheld in failing to

   respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education

   concerning the activities and operations of federal, state, and local governments.

3. On December 17, 2017, Murray Hitzman, U.S. Geological Survey ("USGS") Associate

   Director for Energy and Minerals, resigned following OS requesting that USGS turn

   over the final results of the energy assessment on the National Petroleum Reserve Alaska

   ("NPRA") before that information was scheduled to be released to the public on

December 22, 2017. Despite it being contrary to USGS Fundamental Science Practices

(USGS Manual § 502.5), DOI spokeswoman Heather Swift stated that the information

was only requested after a legal determination from the Office of Solicitor. At this time it

is unclear whether the information was provided to OS, why it was requested, or if it

was utilized in any way prior to the December 22, 2017, public release.

4.  On February 23, 2018, Plaintiff mailed, e-mailed and faxed a FOIA request to Defendant.

This request sought (1) Records reflecting all communications between OS and the

USGS concerning the referenced request by OS for NPRA information prior to its public

release; (2) OS records reflecting the basis or purpose of this request; (3) Records

indicating whether OS actually received the data requested from USGS, and if so what

actions OS took or what communications OS made concerning this data. Alternately, if

OS did not receive the information, we request records indicating the reason why this

was the case, including records indicating whether the OS withdrew its request; (4) Any

records relating to any other request the OS has made of USGS concerning pre-release

energy or mineral assessments during the period from January 2017 to present; (5) A

copy of the DOI Solicitor opinion referenced by Ms. Swift that purports to authorize OS

access to this otherwise confidential data; and (6) Any documents generated since

December 1, 2017 regarding the need for safeguards to protect against premature

disclosure of USGS energy and mineral assessments, together with any decision

documents for actions taken to implement any safeguards.

5.  The FOIA requires federal agencies to respond to public requests for records, including

files maintained electronically, to increase public understanding of the workings of

government and to provide access to government information. FOIA reflects a

"profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

6. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5 U.S.C. § 552(a)(6)(B)(i).

7. To date, Defendant has failed to make a determination on the request or produce any records in response to Plaintiff's February 23, 2018, FOIA request, Tracking Number OS-2018-00750.

8. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to determine whether (1) sensitive petroleum assessment information was provided to OS prior to being made available to the public; (2) the OS request was improper; (3) OS acted upon or communicated the assessment information before it was publicly released; (4) OS has since made similar requests for pre-release energy or mineral assessments; (5) the OS claim of acting on the basis of a legal opinion was true or false; or (6) any reforms or changes in protocol resulted from this sharp disagreement among DOI officials.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

12. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

13. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

15. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

PEER educates and informs the public through news releases to the media, through its

website, www.peer.org, and through publication of the PEER newsletter.

16. Defendant, DOI, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

17. Defendant is charged with the duty to provide public access to records in its possession

consistent with the requirements of the FOIA. Here, Defendant is denying Plaintiff

access to its records in contravention of federal law.

## STATEMENT OF FACTS

18. On February 21 and 22, 2018, Mother Jones magazine and The Washington Post

respectively published articles indicating that OS requested that the USGS turn over oil

and gas assessment information on the NPRA before that information was scheduled to

be released to the public on December 22, 2017.  This request from the OS came despite

provisions of the USGS Fundamental Science Practices (USGS Manual § 502.5) that

forbid disclosure "until the information is made available to all, impartially and

simultaneously, through Bureau-approved publication or other approved means of

public release."

19. On December 17, 2017, Murray Hitzman, USGS Associate Director for Energy and

Minerals, resigned via a letter that cited the OS request for this information "several days

in advance of the information's public release, in contradiction of the" USGS's

Fundamental Science Practices policy as the reason for his resignation.

20. On February 22, 2018, DOI spokeswoman Heather Swift claimed that OS acted based

on a legal determination from the Office of Solicitor that the secretary and deputy

secretary retain "the authority to review data, draft reports, or other information as [they

deem] necessary."

21. The press reports did not include the reason for the OS data request on NPRA, and it is similarly unreported whether OS, in fact, received the data and/or communicated or utilized it in any fashion.

22. On February 23, 2018, as a result of concern about OS's compliance with the USGS Fundamental Science Practices policy, the motivation of the request, the authenticity of legal authority cited, and whether OS has made any other similar requests, PEER requested records concerning this matter as well as any similar requests from the OS for USGS pre-release petroleum assessment data. Specifically, PEER requested:

   a. *Records reflecting all communications between OS and the USGS concerning the referenced request by OS for NPRA information prior to its public release.*

   b. *OS records reflecting the basis or purpose of this request.*

   c. *Records indicating whether OS actually received the data requested from USGS, and if so what actions OS took or what communications OS made concerning this data. Alternately, if OS did not receive the information, we request records indicating the reason why this was the case, including records indicating whether the OS withdrew its request.*

   d. *Any records relating to any other request the OS has made of USGS concerning pre-release energy or mineral assessments during the period from January 2017 to present.*

   e. *A copy of the DOI Solicitor opinion referenced by Ms. Swift that purports to authorize OS access to this otherwise confidential data.*

   f. *Any documents generated since December 1, 2017 regarding the need for safeguards to protect against premature disclosure of USGS energy and mineral assessments, together with any decision documents for actions taken to implement any safeguards.*

23. Pursuant to 5 U.S.C. 552(a)(6)(A), Defendant had twenty working days from the date of receipt to respond, or to assert the need to extend this time limit due to unusual circumstances. *See also* 43 C.F.R. §§ 2.16(a), and 2.19. The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

24. February 23, 2018, DOI sent Plaintiff an e-mail acknowledging receipt of Plaintiff's request and assured that they "are working diligently and will provide your acknowledgement letter soon." However, since then there has been no further communication from DOI.

25. Twenty working days from February 23, 2018 (the date that Plaintiff's request was received according to the agency's e-mail) was March 23, 2018. As of this April 10, 2018 filing, Plaintiff has received neither a determination on its February 23, 2018, FOIA request, nor any responsive records.

26. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its February 23, 2018, FOIA request, PEER now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

27. Plaintiff incorporates the allegations in the preceding paragraphs.

28. Defendant's failure to make a determination on Plaintiff's FOIA request or disclose the records requested within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Department of Interior regulations promulgated thereunder, 43 C.F.R. § 2.1 *et. seq*.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.


Respectfully submitted on April 10, 2018,

    /s/ Adam Carlesco
Adam Carlesco, DC Bar # 1601151
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
acarlesco@peer.org

*Counsel for Plaintiff*